IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 4:01cr64

KENNETH ANTHONY JOHNSON,

    Defendant.

## OPINION & ORDER

This matter is before the Court on Defendant Kenneth Anthony Johnson's ("Defendant") Motion to Modify, or, Amend Restitution Order in Judgment in a Criminal Case under 18 U.S.C. § 3664 ("Motion"). Doc. 47. For the reasons stated herein, Defendant's motion is **DISMISSED** and **DENIED**.

On December 6, 2001, Defendant pleaded guilty to the following four (4) counts of an eleven (11) count indictment: (1) Bank Robbery, in violation of 18 U.S.C. § 2113(a) & (d); (2) Use, Carry or Possess a Firearm during and in relation to a Drug Trafficking Crime or Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); (3) Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951; and (4) Use, Carry or Possess a Firearm during and in relation to a Drug Trafficking Crime or Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) & (C). Doc. 35. On March 7, 2002, the Court sentenced Defendant to a total of six hundred twenty-two (622) months' imprisonment, consisting of two hundred sixty-two (262) months on Count One, sixty (60) months on Count Two to be served consecutively, two hundred forty (240)

months on Count Four to be served concurrently, and three hundred (300) months on Count Five to be served consecutively.[1] Id.

The Court also ordered Defendant to pay a total of $3,679 in restitution to the two victims, Old Point National Bank and Walgreens.[2] Id. Restitution was ordered due and payable immediately. Id. In the event it was not paid immediately, the Court ordered that restitution "be paid in equal monthly installments of $100 over the period of supervised release to commence 30 days after release from confinement." Id.

Defendant now requests that this Court modify its restitution order. Doc. 47. He states that at the time the Court entered the order, he was not financially able to pay the restitution, and his financial status has not change. Id. He requests that the Court modify its restitution order to require him to "pay 10% of his prison job salary and 10% of his employment wage while on supervised release, after he's released." Id.

A district court may only modify a restitution payment schedule "upon a finding by the court of a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" United States v. Grant, 715 F.3d 552, 559 (4th Cir. 2013) (quoting 18 U.S.C. § 3664(k)). Moreover, a defendant is required to provide notice to the Attorney General of any change in his economic circumstances.[3] Cani v. United States, 331 F.3d 1210, 1215 n.4 (4th Cir. 2003).

As of September 5, 2014, Defendant has made $794.54 in restitution payments, leaving an outstanding balance of $2,956.18. Although Defendant did not inform the Court whether he is participating in the Bureau of Prison's Inmate Financial Responsibility Program ("IFRP"), it

---

[1] Defendant was also given a five (5) year term of supervised release, and ordered to pay a $400 special assessment. Doc. 35.
[2] Defendant was ordered to pay $3,413 in restitution to Old Point National Bank, and $266 to Walgreens. Id.
[3] Defendant served a copy of this Motion on the United States Attorney's Office, but no opposition was filed with the Court.

appears that these payments have been made in accordance with the IFRP, which requires inmates participating in the program to make quarterly payments on their outstanding criminal monetary obligations, as the payments appear to occur once per quarter, and many are in the amount of $25. See 28 C.F.R. § 545.11 (requiring minimum quarterly payments of $25 to satisfy court ordered obligations, including restitution).

To the extent Defendant is asking the Court to alter the payment schedule set forth by the IFRP, his challenge is misplaced. The Court's action of ordering restitution due and payable immediately, while setting forth a payment schedule upon release from incarceration, was not an improper delegation of authority to the Bureau of Prisons. United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000). Additionally, Defendant has failed to show the Court that he has exhausted his administrative remedies. United States v. Grant, No. 5:12cr367, 2014 WL 279571, at *1 (E.D.N.C. Jan. 24, 2014) (citing McKart v. United States, 395 U.S. 185, 193 (1969)). Moreover, to the extent Defendant has exhausted his administrative remedies, the proper challenge is a petition under 28 U.S.C. § 2241 in the judicial district where Defendant is serving his sentence. United States v. Childs, 126 F. App'x 96, 97–98 (4th Cir. 2005). Defendant is currently serving his sentence at Beaumont USP in Texas, and thus this Court lacks jurisdiction over any § 2241 challenge to the IFRP.

To the extent Defendant is not challenging the IFRP, but rather is arguing that a change in circumstances occurred, he has made no such showing in this case. Defendant argues he does not have the financial means to pay restitution; however, 18 U.S.C. § 3664(k) requires a change in circumstances, and Defendant argues he was not financially able to pay restitution prior to incarceration. Thus, no change in circumstances has occurred. Additionally, the Court only set forth a schedule of payments for his term of supervised release and did not set forth a schedule of

3

payments during his incarceration, and the Court declines to do so at this time.[4] Moreover, modifying his current schedule of restitution payments to be paid during Defendant's term of supervised release from incarceration is not proper as the Court currently has no information to determine if the current schedule of payments to be made during supervised release is too onerous. See Grant, 715 F.3d at 558 ("the district court must consider the defendant's financial resources and assets and [his] projected income and [his] obligations, including those of [his] dependents."). Accordingly, Defendant's Motion, Doc. 47, and is **DISMISSED** and **DENIED**.

Defendant is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within fourteen (14) days from the date of this Order. To proceed in forma pauperis on appeal, Defendant must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Order to Defendant and to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 20, 2014

---

[4] The Court further notes that participation in the IFRP is voluntary, although failure to participate has certain consequences. 28 C.F.R. § 545.11.