**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal Case No. 4:01cr64 (RCY) |
| ) | |
| KENNETH ANTHONY JOHNSON, ) | |
| ) | |
| Petitioner.   ) | |

### MEMORANDUM OPINION

Kenneth Anthony Johnson, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 50) to vacate, set aside, or correct his sentence on June 27, 2016. The matter is now ripe for disposition.

In his § 2255 Motion, Johnson demands relief upon the following grounds that are remaining after the Court's Orders of July 26, 2017 (ECF No. 55)[1] and November 28, 2018 (ECF No. 59)[2]:

> Claim One   Johnson's "sentence violates the Due Process Clause in light of *Johnson v. United States*." (§ 2255 Motion at 3[3].)   Johnson's "subsequent § 924(c) sentence based on his conviction for Hobbs Act robbery cannot stand in light of *Johnson*." (*Id*. at 5.)

---

[1] In the July 26, 2017 Order, the Court ruled that Johnson was not entitled to relief with regard to his career offender enhancement under the United States Sentencing Guidelines based on the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

[2] In the November 28, 2018 Order, the Court ruled that Johnson's § 924(c) challenge in the instant § 2255 Motion was timely and, thus, the Court denied the motion to dismiss filed by the United States.

[3] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

For the reasons stated herein, the Court finds Johnson's claim lacks merit and will be dismissed.

## I. Procedural History

On December 6, 2001, Johnson pled guilty with a written plea agreement to Counts One, Two, Four, and Five of an eleven-count indictment. (ECF Nos. 1, 35.) The charges to which he pled guilty were Bank Robbery, in violation of 18 U.S.C. § 2113(a) & (d) (Count One); Use, Carry or Possess a Firearm during and in relation to a Drug Trafficking Crime or Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery") (Count Four); and Use, Carry or Possess a Firearm during and in relation to a Drug Trafficking Crime or Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) & (C) (Count Five). (ECF No. 35.) Specifically, as pertinent here, Count Four charged:

> On or about April 4, 2001, at Walgreens, located at 9976 Jefferson Avenue, Newport News, Virginia . . . defendant KENNETH ANTHONY JOHNSON, did unlawfully obstruct, delay and affect commerce . . . in that KENNETH ANTHONY JOHNSON did unlawfully take and obtain person property consisting of money from the person of and in the presence of Brandi C. Jones, a cashier at Walgreens, against her will by means of actual or threatened force, violence, and fear of injury, immediate and future, to her person, that is brandishing a firearm and demanding money from the cash register.

(ECF No. 1, at 5.) And, Count Five charged:

> On or about April 4, 2001, in Newport News . . . KENNETH ANTHONY JOHNSON did unlawfully and knowing brandish, carry and possess a firearm, namely a Walther PPKS .380-caliber semi-automatic pistol, during and in relation to a crime of violence . . . that is, interference with commerce by robbery . . . as set forth in Count Four of this Indictment.

2

(*Id.* at 6.)  On March 7, 2002, Johnson was sentenced to 262 months on Count One and 240 months on Count Four, to be served concurrently to each other, 60 months on Count Two, to be served consecutively to all other counts, and 300 months on Count Five, to be served consecutively to all other counts, for a total term of imprisonment of 622 months. (ECF No. 37.)  On August 7, 2014, the Court denied a Motion to Reduce Sentence filed by Johnson. (ECF Nos. 44, 48.)  On September 24, 2014, the Court denied Johnson's Motion to Modify or Amend Restitution Order. (ECF Nos. 47, 49.)

  The instant § 2255 Motion was filed on June 27, 2016, as noted previously herein. On September 20, 2016, the United States filed a "Motion to Dismiss § 924(c) Challenge and Hold Guidelines Challenge in Abeyance." (ECF No. 53.)   The Court granted the motion of the United States to the extent that it requested that the Court "hold in abeyance" the § 2255 Motion. (ECF No. 54.)  On July 26, 2017, the Court lifted the stay it had placed as to the § 2255 Motion, denied the § 2255 Motion in part, and reserved ruling on the remainder of the § 2255 Motion and the Motion to Dismiss filed by the United States. (ECF No. 55.)  The Court also set forth a timeline for further briefing. (*Id*.) Johnson filed a "Reply to Court Order" on September 11, 2017. (ECF No. 58.)  On November 28, 2018, the Court denied the Motion to Dismiss filed by the United States and directed the United States to respond to the merits of the § 2255 Motion. (ECF No. 59.)  The United States responded on December 27, 2018 (ECF No. 61).  Johnson did not file a reply but, on March 14, 2019, he filed a Motion to Stay Proceedings and Hold § 2255 Motion in Abeyance. (ECF No. 64.)  The Court granted the Motion to Stay on

March 19, 2019. (ECF No. 65.) On November 25, 2020, after reassignment to the undersigned, the Court granted Johnson's Motion to Lift Stay and ordered further briefing with regard to *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF No. 68.) Johnson responded on February 22, 2021. (ECF No. 82.) The United States filed a Supplemental Memorandum on *United States v. Davis* on March 23, 2021. (ECF No. 84.)

While the § 2255 Motion was pending, Johnson filed other requests. He filed a Letter Motion to Reduce Sentence (ECF No. 67) on May 12, 2020, in which he seeks both a reduction of his sentence and consideration for compassionate release under Sections 404 and 603(b) of the First Step Act. The Federal Public Defender was appointed to represent Johnson with regard to this matter, and a Motion for Compassionate Release (ECF No. 74) was filed on January 8, 2021. These motions will be addressed after the § 2255 Motion is resolved.

## II. FACTS

The following facts appear in paragraphs 5 through 13 of the Presentence Investigation Report ("PSR") (ECF No. 70) describing offense conduct. There is no indication in the record that there were any objections to the offense conduct as set forth in the PSR.

> 5. On March 28, 2001, the defendant entered the Old Point National Bank, located at 4030 West Mercury Boulevard, Hampton, Virginia. Johnson approached the clerk at station four, Gladys Cherry, reached inside of his jacket, and pulled out a plastic bag. The defendant placed the bag on the counter and instructed Ms. Cherry to fill the bag with money. When Ms. Cherry requested that the defendant repeat his statement, Johnson displayed a black, semi-automatic firearm. The clerk filled the bag with money and returned the bag to Johnson. Johnson instructed the clerk to step away from the counter and then left the bank on foot. Johnson stole $3,413.00 in United States Currency.

6. On April 4, 2001, Johnson entered the Walgreens Store, located at 9976 Jefferson Avenue, Newport News, Virginia. Johnson proceeded to the rear of the store until the employee working at the checkout counter, Brandi Jones, was finished waiting on another customer. Johnson approached Ms. Jones, threw a small, black, plastic shopping bag on the counter with his left hand, and displayed a black, semi-automatic pistol in his right hand. The defendant demanded that Ms. Jones place the money from her cash register in the bag. Ms. Jones began removing money from the right side of the cash register till and Johnson told her, "Hurry up, put the f-----g money in the bag. Don't play with me." Once Ms. Jones had completed placing the money in the bag, Johnson ordered her to lift her till to ensure that there was no additional money. Johnson then fled the store, carrying approximately $266.00. The defendant was observed by a witness running to Stuart Road, where he entered a dark colored SUV, Virginia tag number YHG-7932. On the next day, Ms. Jones identified the defendant in a photo spread as the person who had robbed her the previous day.

7. On April 5, 2001, detectives with the Newport News Police Department were able to locate the defendant based upon information obtained about the vehicle that Johnson used to leave the Walgreens Store on April 4, 2001. The defendant was detained by detectives, at which time he denied any knowledge of a robbery, but agreed to be transported to the residence of the vehicle's owner, Ramona Conner, located at 5722 Madison Avenue, Newport News, Virginia. Ms. Conner gave the detectives consent to search her residence and vehicle. Once at Ms. Conner's residence, the detectives located a shirt and several pairs of sunglasses like the ones described as being worn by the robber of the Walgreens Store. Detectives located several small, black, plastic shopping bags similar to the one used in the robbery of the Walgreens Store. Detectives also located clothing similar to that worn in the robbery of the Old Point National Bank. These items all belonged to the defendant.

8. During a search of Ms. Conner's residence, detectives recovered an eyeglass case which contained nine needles and syringes, a silver spoon containing heroin residue, and a clear plastic bag containing 1.91 grams of marijuana. Ms. Conner told the detectives that these items belonged to her and the defendant, that they were both heroin addicts, and that they had last used the heroin on that morning. Upon searching Ms. Conner's vehicle, detectives recovered 19 packs of heroin in Ms. Conner's purse, which was located on the floorboard behind the driver's seat of the vehicle. The packs contained .65 gram of heroin.

9. The detectives confronted the defendant with the clothing and heroin which were recovered from Ms. Conner's residence and vehicle. The defendant advised the detectives that the heroin belonged to him and that Ms. Conner was not aware that he had placed it in her purse. Johnson

5

also admitted to the paraphernalia and marijuana found in the residence and advised the detectives that he was a heroin addict. Johnson confessed to robbing the Walgreens Store, but denied using a firearm to do so. Johnson told the detectives that he used his finger beneath his shirt to imply that he had a weapon. Johnson subsequently admitted that he used a firearm to commit the robbery when advised by the detectives that a weapon could be seen on the surveillance tape of the robbery. Johnson led the detectives to the upstairs bedroom and pointed behind a pile of clothes beside a dresser. The detectives recovered a brown paper bag which contained a Interarms Walther PPKS .380 caliber firearm, serial number #062785. The bag also contained a magazine containing six .380 caliber rounds.

10. Johnson was transported to the Newport News Police Department where he made a statement concerning the robbery of the bank. Johnson stated that on March 28, 2001, he awakened and got Ms. Conner's children ready for school. When Ms. Conner arrived at the residence, they indicated to one another that they were not "feeling well." Johnson took Ms. Conner's keys and left the residence. He admitted that he attempted to get heroin from a few people, before encountering an old friend who gave him some heroin for $15.00. Johnson stated that he went to Sears, in Hampton, Virginia, to steal some jeans, but was not able to do so, so he rode down Mercury Boulevard and saw the bank. Johnson advised the detectives that he decided to enter the bank to see if he could get some money. Johnson admitted to using the firearm to rob the bank, but stated to detectives that the firearm was not loaded. Subsequent to committing the robbery, Johnson advised that he put gas in the vehicle which he was driving, paid some people to whom he owed money for drugs, bought school clothes for Ms. Conner's children, and paid the rent. Johnson indicated that he did not have any money left from the robbery.

11. Johnson told detectives that his heroin addiction was the reason that he committed the robbery at Walgreens. Johnson told the detectives that he owed someone $200.00 for heroin. Johnson admitted that he used Ms. Conner's vehicle to travel to the Walgreens Store and that Ms. Conner's two minor children were in the vehicle with him. Johnson stated that he parked the vehicle on a street behind the store and pretended that he was going to visit a person in the neighborhood in which he had parked. Johnson also stated that he went to Walgreens, took a black, plastic shopping bag from the trash can, entered the store, and walked to the rear of the store in the card section. The defendant admitted that he waited until the last customer left before approaching the clerk to rob the store. Johnson advised the detectives that he had obtained the firearm used in both robberies while witnessing a fight on Chestnut Avenue, in Newport

News, Virginia, when one of the combatants dropped the weapon.

12. On April 24, 2001, a special agent with ATF examined the firearm and determined that it functioned as designed. The firearm was not manufactured in the Commonwealth of Virginia, and as such, had traveled in interstate commerce.

13. On May 23, 2001, an agent with the ATF received a report from the Hampton Police Department indicating that the weapon recovered by the detectives on April 5, 2001, had been reported as a stolen weapon.

(PSR, ¶¶ 5-13.)

### III. Analysis

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[4] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson*

---

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

7

announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). If the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii). And, when Johnson was convicted, section 924(c)(1)(C) provided that, "[i]n the case of a second or subsequent conviction under this subsection, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years." *Id.* § 924(c)(1)(C)(i).

Until recently, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *United States v. Davis*, 139 S. Ct. 2319 (2019). However, Johnson's § 924(c) predicate offense, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.

8

2019) (citing *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017); *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016)), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *cert. denied sub nom. Stokes v. United States*, 140 S. Ct. 640 (2019). Therefore, Johnson's contention that *Johnson* invalidated his conviction and sentence for Count Five lacks merit and will be dismissed.

## IV. Conclusion

Johnson's claim will be DISMISSED. The § 2255 Motion (ECF No. 50) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Final Order will issue.

/s/ 
Roderick C. Young
United States District Judge

Norfolk, Virginia
Date: December 21, 2021

---

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Johnson has not satisfied this standard.